# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY DUNN and JUDY LONG, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERATION OF INDIAN SERVICE EMPLOYEES, AFT-AFL-CIO, LOCAL 4524 f/k/a INDIAN EDUCATORS FEDERATION, AFT-AFL-CIO, LOCAL 4524, <br><br> Defendant. | Case No. CIV-08-378-RAW |

## **ORDER**

Before the court is Defendant's Motion to Dismiss [Docket No. 5]. Both Plaintiffs are former employees of the Bureau of Indian Affairs (hereinafter "BIA"). Both were members of the Federation of Indian Service Employees, AFT-AFL-CIO, Local 4524, a labor union (hereinafter "Defendant" or the "Union"). Plaintiffs claim that Defendant breached a contract between the BIA and Defendant entered on February 27, 2003 to which Plaintiffs were third-party beneficiaries. Plaintiffs state in their Amended Petition: "Under the Contract, the Union and its agents have a duty to take certain actions in order to preserve the rights of employees during the grievance process." Plaintiffs seek punitive damages, back pay, attorneys' fees and costs.

Defendant seeks dismissal of this action on the basis that Plaintiffs' claims fall within the exclusive purview of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 *et seq*. (hereinafter the "FSLMRS"). Defendants note that the BIA is an "agency," Plaintiffs are "employee[s]" and the Union is a "labor organization" within the meaning of the FSLMRS.

Defendants argue that the Federal Labor Relations Authority (hereinafter the "FLRA" or the "Authority") has exclusive jurisdiction to hear Plaintiffs' action. Plaintiffs do not dispute that their case falls under the FSLMRS, but argue that a private cause of action for breach of contract does exist outside the FSLMRS and that this court has jurisdiction.

Section 7114(a)(1) creates a duty of fair representation for labor unions. Karahalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 531 (1989). That section specifically provides that labor unions represent "the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership." 5 U.S.C. § 7114(a)(1). While Plaintiffs frame their action in terms of a breach of contract, the action is based on the Union's alleged failure to fulfill its duty of fair representation. While the collective bargaining agreement between the BIA and the Union no doubt created such a duty, the duty of fair representation was already in existence under the FSLMRS.

A breach of the duty of fair representation is an unfair labor practice and properly brought under the catch-all provision of section 7116(b)(8), which provides that it is an unfair labor practice for such a labor union "to otherwise fail or refuse to comply with any provision of this chapter." Karahalios, 489 U.S. at 532. Furthermore, section 7118 provides that "unfair labor practice complaints are adjudicated by the FLRA." Id.

FSLMRS "provides recourse to the courts in only three circumstances: with specified exceptions, persons aggrieved by a final FLRA order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive relief is available to the FLRA to assist it in the discharge of its duties, § 7123(d)." Id.
2

As the Supreme Court noted, therefore, "the 'ultimate issue is whether Congress intended to create a private cause of action.'" Id.

Moreover, "where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies." Id. at 533. The Supreme Court held that neither the language nor the structure of FSLMRS shows any congressional intent to provide a private cause of action to enforce the duty of fair representation. Id. Accordingly, the court does not believe that jurisdiction is proper in this court. To allow a plaintiff to circumvent the statute by merely couching a complaint in terms of breach of contract as opposed to breach of the duty created under the statute would nullify the clear intention of the statute that these cases be adjudicated by the FLRA.

The court notes Plaintiffs' argument that Vaca v. Sipes, 386 U.S. 171 (1967), held that a private cause of action outside the FLRA does exist under certain circumstances. The subject statute in Vaca, however, was the National Labor Relations Act (hereinafter the "NLRA"). The Karahalios court distinguished the FSLMRS and the NLRA. "The NLRA . . . did not expressly make a breach of the duty of fair representation an unfair labor practice and did not expressly provide for the enforcement of such a duty by the [National Labor Relations Board]." Karahalios, 489 U.S. at 534.

Accordingly, Defendant's motion [Docket No. 5] is hereby GRANTED. This action is DISMISSED for want of jurisdiction.

IT IS SO ORDERED this 21st day of November, 2008.

**Dated this 21st Day of November 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma